**In the Matter of Paul K. OGDEN, Respondent.**

**No. 49S00–1303–DI–183.**

Supreme Court of Indiana.

June 16, 2014.

*PUBLISHED ORDER FINDING MIS-CONDUCT AND IMPOSING DIS-CIPLINE*

Upon review of the report of the hearing officer, the Honorable Robert W. York, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional mis-

conduct and imposes discipline on Respondent.

**Procedural summary:** The Commission filed a "Verified Complaint for Disciplinary Action" in two counts against Respondent on March 12, 2013. Respondent then filed a motion to dismiss Count 2, which the Court dismissed as procedurally invalid, *see* Admis. Disc. R. 23(14)(a); a motion to remove the Commission from the case and appoint a special prosecutor, which the Court denied; and a motion to disqualify the hearing officer, which the Court also denied. The hearing officer filed his report on December 30, 2013, and briefing is now complete. Respondent has filed a motion for oral argument, which we deny. The Court approves the hearing officer's findings of the facts underlying the Commission's charges, which are summarized in relevant part below.

**Facts:** *Count 1.* In 2005, an unsupervised estate ("Estate") was opened for a decedent who was survived by a spouse and four adult children from a former marriage. One of the children was appointed as personal representative. Judge David H. Coleman was appointed as special judge in 2006. In 2008, Respondent entered his appearance for one of the other children ("Client"). In 2009, Respondent was successful in having Judge Coleman replaced pursuant to a Trial Rule 53.1 motion.

In 2010, Respondent engaged in correspondence with the children's mother and later with Judge Coleman in which he made highly critical statements about Judge Coleman. Those statements can be summarized into the following categories:

(1) He alleged that Judge Coleman committed malfeasance in the initial stages of the administration of the Estate by allowing it to be opened as an unsupervised estate, by appointing a personal representative with a conflict of interest, and by not requiring the posting of a bond.

(2) He alleged that Judge Coleman committed malfeasance in the subsequent administration of the Estate by, among other things, permitting misconduct by the personal representative, which resulted in dissipation of Estate assets.

(3) He alleged that Judge Coleman should have recused himself from the case because he was a friend of some members of the family, including the personal representative, and thus had a disqualifying conflict of interest.

(4) He alleged that Judge Coleman was unqualified as a judge and he engaged in judicial misconduct in presiding over the Estate.

Based on these statements, the Commission charges that Respondent violated Rule 8.2(a) of the Rules of Professional Conduct, which provides: "A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge...."

*Count 2.* The Hon. Patrick L. McCarty and other judges in Marion Superior Court, Civil Division, preside over cases in which law enforcement officials seek forfeiture of a criminal's property in civil proceedings ("forfeiture cases"). On April 27, 2011, this Court issued an opinion which summarized how funds in civil forfeiture cases are to be distributed. *See Serrano v. State*, 946 N.E.2d 1139, 1141–42 (Ind. 2011). On June 20, 2011, Respondent sent a letter personally addressed to Judge McCarty in which he requested the judge to ensure that forfeiture law, as summarized in *Serrano*, is followed and enforced. Respondent sent similar letters to other judges of the Marion Superior Court, Civil Division. Respondent also sent copies of his letter to the local prosecutor (who

brings forfeiture cases as the plaintiff), to the state attorney general, and to the Marion County public safety director. At the time Respondent sent the letters to the judges, he did not represent any party in pending forfeiture cases.

The Commission charges that the letter to the judges was an improper attempt to influence the judges' decisions in violation of Rule 8.4(d) of the Rules of Professional Conduct, which provides: "It is professional misconduct for a lawyer to ... engage in conduct that is prejudicial to the administration of justice...."

**Analysis:** *Count 1.* To support a conclusion that Respondent violated Rule 8.2(a), there must be clear and convincing evidence that the statement at issue was false and that Respondent made the statement knowing it was false or with reckless disregard regarding its truth or falsity. In a recent case involving an attorney's freedom of speech challenge to charges under Rule 8.2(a), the Court adopted the following test for evaluating such statements: "Did the attorney **lack any objectively reasonable basis** for making the statement at issue, considering its nature and the context in which the statement was made?" *Matter of Dixon,* 994 N.E.2d 1129, 1137 (Ind.2013) (emphasis added).

The Court concludes that the Commission has met its burden of proof regarding Respondent's category (1) statements. Respondent's repeated and virulent accusations that Judge Coleman committed malfeasance in the initial stages of the administration of the Estate were not just false; they were impossible because Judge Coleman was not even presiding over the Estate at this time—a fact Respondent could easily have determined. Because Respondent lacked any objectively reasonable basis for his category (1) statements, we conclude that Respondent made these statements in reckless disregard of their truth or falsity, thus violating Rule 8.2(a).

The Court concludes, however, that the Commission has not met its burden of proof regarding Respondent's statements in categories (2) through (4). While not suggesting that Judge Coleman committed malfeasance while presiding over the Estate, the Court concludes Respondent's category (2) criticisms of Judge Coleman's rulings fall within his broad First Amendment rights. And although Respondent's category (3) allegations of a conflict of interest turned out to be false, Respondent based them on Client's reports to him, which he believed, and thus were not made in reckless disregard of their truth or falsity. Finally, we conclude that Respondent's category (4) statements were more in the nature of opinions as opposed to statements of fact.

*Count 2.* Respondent's letter to Marion County judges requested them to follow forfeiture law as had been recently outlined by this Court. It was not an attempt to communicate with the judges about any particular case without the involvement of opposing parties. There is no allegation that Respondent misstated the law relating to forfeitures. Under these circumstances, we conclude that the Commission has not presented clear and convincing evidence that Respondent's sending the letters to the Marion County judges was prejudicial to the administration of justice.

*Mitigating and aggravating facts.* The appropriate discipline in any case depends not just on the misconduct found, but also on mitigating and aggravating facts. *See Matter of Newman,* 958 N.E.2d 792, 800 (Ind.2011). In mitigation, we note that Respondent has no prior discipline. In aggravation, we find that during the course of this disciplinary proceeding, Respondent's conduct has been obstreperous rather than cooperative.

502

**Discipline:** Although we have found misconduct only with respect to Respondent's category (1) statements in Count 1, the aggravating facts convince us that a mere reprimand is insufficient discipline in this case. Respondent has suggested that any misconduct the Court finds should warrant no more than a 30–day suspension with automatic reinstatement. *See* Brief on Sanctions at 19. We impose discipline accordingly.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 30 days, beginning August 5, 2014.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The Court assesses against Respondent **one-half of the costs and expenses** of this proceeding, including costs incurred by the Commission and payment for the services of the hearing officer. In addition, the Court assesses against Respondent a fee of two hundred fifty dollars ($250) payable to the Clerk. *See* Admis. Disc. R. 23(16). The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.